IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROCKY LEE BENTON,      § | | |
|     Petitioner,      § | | |
| § | | |
| v.      § | | Civil Action No. 4:05-CV-0583-Y |
| § | | |
| COLE JETER, Warden,      § | | |
| FMC-Fort Worth,      § | | |
|     Respondent.      § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### I.  FINDINGS AND CONCLUSIONS

**A.     NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.     PARTIES**

Petitioner Rocky Lee Benton, Reg. No. 27206-177, is a federal prisoner who is currently incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Fort Worth).

The Respondent is Cole Jeter, Warden of FMC-Fort Worth.

**C. PROCEDURAL HISTORY**

On October 7, 2002, following a guilty plea, Benton was sentenced in this Court to a term of 33 months' imprisonment on one count of felon in possession of a firearm in violation of 18 U.S.C. § 924(e)(1). *See* CM/ECF, Criminal Docket for Case # 4:02-CR-62-ALL, docket entries for July 10, 2002 & October 7, 2002. Benton asserts that he was then returned to state custody to answer pending state criminal charges for the same offense. (Petition at 5; Pet'r Motion to Modify Sentence, at 1-2.) According to Benton, he was sentenced by the state court to fifteen years' confinement in the Texas Department of Criminal Justice (TDCJ), where he remained incarcerated until paroled from TDCJ on December 7, 2004. He asserts he was then returned to federal custody to serve his federal sentence of 33 months.

The federal criminal judgment was silent as to whether Benton's 33-month federal sentence was to run concurrently with or consecutively to any state sentence to which he might be subject. By way this petition, Benton seeks to have his federal sentence run concurrently with his state sentence and he seeks credit for the time he spent in temporary federal custody from May 6, 2002 to October 7, 2002. The government has filed a motion to dismiss for failure to exhaust.

**D. DISCUSSION**

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); Bureau Program Statement 5160.05 (Resp't Appendix A.). An administrative remedy procedure for federal prisoners is provided at 28 C.F.R. §§ 542.10-542.19. Under this administrative procedure, if informal resolution fails, the inmate must pursue a three-level process within the prescribed time

intervals. Typically, the inmate must formally appeal to the Warden, via a Request for Administrative Remedy, commonly referred to as a BP-9; then to the Regional Director, via a form commonly referred to as a BP-10; and finally to the Office of General Counsel, via a form commonly referred to as a BP-11. Administrative remedies have not been exhausted until the inmate's claim has been filed at all levels and has been denied at all levels. *See* 28 C.F.R. § 542.15; *Rourke*, 11 F.3d at 49.

The government has submitted the declaration of Alberto Munguia, Supervisory Attorney at FMC-Fort Worth. (Resp't Appendix B.) Munguia avers that, by way of his employment, he has access to records maintained by the Bureau of Prisons and that Benton has not exhausted his administrative remedies as to the issues raised in this petition. (*Id.*) Nor has Benton alleged or presented evidence through exhibits that he has exhausted the administrative remedy process relevant to the issues presented.

The purpose of exhaustion is to allow the federal agency being challenged an opportunity to correct its own error without court intervention. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). Exceptions to the exhaustion requirement are appropriate only in extraordinary circumstances where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). Such showing not having been demonstrated by Benton, he cannot now proceed in this court in habeas corpus. Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Benton can fully exhaust his administrative

remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

## II.  RECOMMENDATION

The government's motion to dismiss should be granted, and Benton's petition for writ of habeas corpus should be dismissed without prejudice on exhaustion grounds.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 16, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 16, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 26, 2006.

      /s/ Charles Bleil  
CHARLES BLEIL  
UNITED STATES MAGISTRATE JUDGE